AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN District of OKLAHOMA

UNITED STATES OF AMERICA
v.
RUBEN GARCIA HERNANDEZ
a/k/a "Erick Garcia"
a/k/a "Ruben Hernandez"
a/k/a "Erick Contreras"
a/k/a "Eddie Contreras"
a/k/a "Ruben Garcia"

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 09-CR-138-001-CVE

USM Number: 39547-177

Julia Lynn O'Connell
Defendant's Attorney

**FILED**
APR 1 2011
Phil Lombardi, Clerk
U.S. DISTRICT COURT

**THE DEFENDANT:**

[x] pleaded guilty to counts   One and Five of the Second Superseding Indictment

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute and Distribute Five Kilograms or More of Cocaine and 500 Grams or More of Methamphetamine | 10/21/09 | 1 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. § 2(a) | Distribution of Methamphetamine; Aiding and Abetting | 10/21/09 | 5 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[x] Count One of the Indictment, Counts One and Two of the Superseding Indictment, and Counts Two, Three, and Six through Thirty-one of the Second Superseding Indictment   [x] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

January 21, 2011
Date of Imposition of Judgment

_____
Signature of Judge

___Mail   ___No Cert Svc   ___No Orig Sign
___C/J   ___C/MJ   ___C/Ret'd   ___No Env
___No Cpys   ___No Env/Cpys   ___O/J   ___O/MJ

The Honorable Claire V. Eagan, Chief Judge U.S. District Court
Name and Title of Judge

January 21, 2011
Date

AO 245B   (Rev. 09/08) Judgment in Criminal Case
      Sheet 2 — Imprisonment

|  |  |
|---|---|
| DEFENDANT: Ruben Garcia Hernandez | Judgment — Page 2 of 6 |
| CASE NUMBER: 09-CR-138-001-CVE | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   180 months.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[x]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:
    [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
    [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 12 noon on _____ .
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on   3/01/2011   to   FCI Elkton
at   Elkton Ohio  , with a certified copy of this judgment.

          R. Farley Warden
          ~~UNITED STATES MARSHAL~~

By _____ CSO
      ~~DEPUTY UNITED STATES MARSHAL~~

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: Ruben Garcia Hernandez
CASE NUMBER: 09-CR-138-001-CVE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : Five years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests within 120 days for use of a controlled substance.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse, but authority to administer drug testing for cause is retained. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prison, or any state sex offender registration agency in which he or she resides, works, or is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living).
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement (any objection to such notification shall be decided by the district court).
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
         Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: Ruben Garcia Hernandez
CASE NUMBER: 09-CR-138-001-CVE

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. As a condition of supervised release, upon completion of the term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101-1524. It is a further condition of supervised release, if deported, the defendant shall remain outside the United States until termination of the term of supervised release. If the defendant is not deported and serves any portion of supervised release within the United States for any reason, the defendant shall report immediately to the U.S. Probation Office in the district of release to begin the term of supervised release.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: Ruben Garcia Hernandez
CASE NUMBER: 09-CR-138-001-CVE

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200 | $ N/A | $ N/A |

[ ] The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

[ ] Restitution amount ordered pursuant to plea agreement $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] the interest requirement is waived for the      [ ] fine      [ ] restitution.

    [ ] the interest requirement for the      [ ] fine      [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT: Ruben Garcia Hernandez
CASE NUMBER: 09-CR-138-001-CVE

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [x] Lump sum payment of $ __200__ due immediately, balance due

    [] not later than _____ , or
    [] in accordance with  [] C,  [] D,  [] E, or  [] F below; or

**B** [] Payment to begin immediately (may be combined with  [] C,  [] D, or  [] F below); or

**C** [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Said forfeiture order is joint and several with any forfeiture ordered in the case of codefendants, Leonel Ledezma, Case Number 09-CR-138-002-CVE, Oscar Palacios Castorena, Case Number 09-CR-138-003-CVE; Juan Antonio Martinez, Case Number 09-CR-138-004-CVE; Gilberto Rivera-Perea, Case Number 09-CR-138-005-CVE; Alejandra Romero, Case Number 09-CR-138-006-CVE; Maria Rubi Hernandez, Case Number 09-CR-138-007-CVE, and Mauro Banuelos, Case Number 09-CR-138-008-CVE.

[] The defendant shall pay the cost of prosecution.
[] The defendant shall pay the following court cost(s):
[x] The defendant shall forfeit the defendant's interest in the following property to the United States:
Money judgment in the amount of $4 million, to include $63,738 in seized currency and firearms are forfeited as directed in the Agreed Order of Forfeiture, Dkt. # 329. Money and property are forfeited as directed in the Agreed Order of Forfeiture, Dkt. # 329.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.