UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA
TULSA DIVISION

FILED
DEC 1 2 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent(s), ) | Cause No.: 4:09-cr-00138 |
| ) | Time:_____ |
| vs. ) | Date: 12/10/2014 |
| ) | Place: United States Courthouse |
| RUBEN GARCIA HERNANDEZ, ) | Page Belcher Federal Building |
| DEFENDANT. ) | 333 W. 4th Street, |
| ) | Room 411 |
| ) | Tulsa, OK. 74103 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE Ruben Garcia Hernandez. Defendant, acting in pro se status in the above styled and entitled cause of action, after November 1, 2014, or as soon as possible thereafter, at the appointed time and designated place, the United States Courthouse, Page Belcher Federal Building, 333 W. 4th Street, Room 411, Tulsa, OK., 74103, will move this Honorable Court for a reduction in the Two concurrent One hundred Eighty Months Sentence(s) the court imposed on April 1, 2011.

This motion is made pursuant to 18 U.S.C. § 3582(c) (2) and is based upon the attached memorandum of points and authorities, all files and records in this case, and such further argument and supplemental supporting documents as may be presented in the pleading of this motion.

Respectfully Submitted,

this 10 day of December, 2014.

Ruben Hernandez
RUBEN GARCIA HERNANDEZ,
prose
Fed. Reg. 39547-177
P.O. BOX 5000
YAZOO CITY, MS 39194

3582MOTION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA
TULSA DIVISION

UNITED STATES OF AMERICA,

    Respondent,

vs.

RUBEN GARCIA HERNANDEZ,

    Defendant.

Case No.:
4:09-cr-00138

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR REDUCTION OF
SENTENCE UNDER GUIDELINE AMENDMENT 782

## I.
## INTRODUCTION

On April 30, 2014, the U.S. Sentencing Commission voted to lower the drug quantity table by two offense levels, which will lower drug sentences imposed after November 1, 2014. This is known as Amendment 782.

Subsequent to the effective date of this amendment to § 2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582(c) (2). Amendment 782 is included in this amendment in the list of retroactive amendments in § 1B1.10 of the guidelines.

On, April 1, 2011, Ruben Garcia Hernandez. was sentenced to serve Two, One Hundred Eighty Month concurrent terms of imprisonment for violation(s) of 21:841(a)(1) and 841(b)(1)(A)(viii) - DISTRIBUTION OF METHAMPHETAMINE; 18:2(a) - AIDING AND ABETTING and 21:846 - CONSPIRACY; 21:853 - FORFEITURE ALLEGATION also attached.

3582MOTION

The court also imposed Two concurrent Five Years terms of Supervised Release and Assessment Fees of One Hundred Dollars Each.

The sentences were imposed under the sentencing guidelines with a base offense level computed under § 2D1.1 and /or 2D1.11 of the sentencing guidelines.

The sentence imposed by the Court was One Hundred Eighty Months. Amendment 782 proposes a change to § 2D1.1 and §2D1.11 of the United States Sentencing Guidelines. Once it is approved by Congress, the Amendment will generate a 2-level reduction in all offense levels found in §2D1.1 and §2D1.11 of the Guidelines, effective November 1, 2014.

Defendant Hernandez. brings this motion to reduce his sentence pursuant to the provisions of Amendment 782 as outlined under the requisite 1B1.10.

18 U.S.C. § 3582(c) (2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582(c) (2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. And one of the amendments which is listed is amendment 782 to the guidelines.

Section 1B1.10

**§1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)**

(a) <u>Authority</u>.—

*(1) In General.*—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c) (2), any such reduction in the

3582MOTION

*defendant's term of imprisonment shall be consistent with this policy statement.*

Application of this amendment to the drug related offenses guideline in the present case results in a decrease of the base offense level resulting in a 2 point decrease decrease in the total offense level and a decrease in the resulting guideline range.

Ruben Hernandez, at the court's discretion will benefit in a reduction of his sentence.

According to the Bureau of Prisons website, he is currently set to be released on December 8, 2022. A reduction of the imposed term pursuant to Amendment 782 would allow him to avail himself to vital reentry resources that will help in a smoother transition and provide him with skills upon release

During his time in prison he has maintained a disciplinary free record. Mr. Hernandez has utilized the time wisely, while in prison. He has participated and completed many of the classes offered by the Bureau of Prisons. GED class, and English class and ACE classes, and also health classes.

Documentation will reflect that he has complied with the rules and regulations mandated by the Institution facility and Bureau of Prisons and has sustained no disciplinary infractions.

The Defendant's sentence should be reduced by the 2 points from the base offense level and the guideline sentencing range reduced by 2 points commensurate with Amendment 782 to 2D1.1.

Based on the amendment to § 2D1.1, the Court should reduce the Defendant' sentence by 2 l2vels, as the base offense level is decreased by 2 levels per amendment 782, It follows from the discussion in the preceding section that the amendment alone justifies a reduction of his term of imprisonment.

The Defendant in this case meets the criteria of the Amendment and should benefit from the retroactive Amendment It's also understood that the Judge who sentenced the Defendant retains discretion and has the decision to grant the Defendant a reduction and resentence him as if the new guideline was effective at the time of l1is original sentencing, which under the new sentencing guidelines, and 1B1.10(c) the Judge could also deny, or grant this motion. The Defendant askss that this Court grants this petition and reduce the Defendant's sentence.
3582MOTION

WHEREFORE PREMISES CONSIDERED, Petitioner prays that this Honorable Court will;

(a) Grant the Defendant Motion from a sentence reduction under Amendment 782,

(b) Reduce the Defendants' base offense level by two (2) points;

(c) Grant the Defendants' motion for a sentence from One Hundred Eight Months to a term commensurate to the level two (2) points lower and at the low end of his new guideline offense level effected by Amendment 782, and Grant;

(d) Any other relied the Court deems just and proper to make.

Respectfully Submitted,

DATED: 12/10/____, 2014

*Ruben Hernandez*
RUBEN GARCIA HERNANDEZ,
prose
Fed. Reg.39547-177
P.O. Box 5000
YAZOO CITY, MS 39194

3582MOTION

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __OKLAHOMA__

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| RUBEN GARCIA HERNANDEZ | |
| a/k/a "Erick Garcia" | Case Number: 09-CR-138-001-CVE |
| a/k/a "Ruben Hernandez" | |
| a/k/a "Erick Contreras" | USM Number: 39547-177 |
| a/k/a "Eddie Contreras" | |
| a/k/a "Ruben Garcia" | Julia Lynn O'Connell |
| | Defendant's Attorney |

**THE DEFENDANT:**

[x] pleaded guilty to counts   One and Five of the Second Superseding Indictment

[ ] pleaded nolo contendere to count(s) _____
    which was accepted by the court.

[ ] was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute and Distribute Five Kilograms or More of Cocaine and 500 Grams or More of Methamphetamine | 10/21/09 | 1 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. § 2(a) | Distribution of Methamphetamine; Aiding and Abetting | 10/21/09 | 5 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[x] Count One of the Indictment, Counts One and [ ] is   [x] are dismissed on the motion of the United States.
    Two of the Superseding Indictment, and Counts
    Two, Three, and Six through Thirty-one of the
    Second Superseding Indictment

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

January 21, 2011
Date of Imposition of Judgment

*Claire V. Eagan*
Signature of Judge

The Honorable Claire V. Eagan, Chief Judge U.S. District Court
Name and Title of Judge

January 21, 2011
Date

AO 245B  (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: Ruben Garcia Hernandez
CASE NUMBER: 09-CR-138-001-CVE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 180 months.

[ ] The court makes the following recommendations to the Bureau of Prisons:

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
    [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 12 noon on _____ .
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: Ruben Garcia Hernandez
CASE NUMBER: 09-CR-138-001-CVE

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : Five years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests within 120 days for use of a controlled substance.

- [ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse, but authority to administer drug testing for cause is retained. (Check, if applicable.)
- [x]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ]  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prison, or any state sex offender registration agency in which he or she resides, works, or is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- [ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living).
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement (any objection to such notification shall be decided by the district court).
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:       Ruben Garcia Hernandez
CASE NUMBER:     09-CR-138-001-CVE

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. As a condition of supervised release, upon completion of the term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101-1524. It is a further condition of supervised release, if deported, the defendant shall remain outside the United States until termination of the term of supervised release. If the defendant is not deported and serves any portion of supervised release within the United States for any reason, the defendant shall report immediately to the U.S. Probation Office in the district of release to begin the term of supervised release.

Case 4:09-cr-00138-CVE Document 436 Filed in USDC ND/OK on 01/21/11 Page 5 of 6

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT: Ruben Garcia Hernandez
CASE NUMBER: 09-CR-138-001-CVE

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200 | $ N/A | $ N/A |

[ ] The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0 | $ 0 |
|---|---|---|

[ ] Restitution amount ordered pursuant to plea agreement  $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] the interest requirement is waived for the     [ ] fine   [ ] restitution.

    [ ] the interest requirement for the     [ ] fine   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:09-cr-00138-CVE   Document 459 Filed in USDC ND/OK on 12/12/14   Page 11 of 15
Case 4:09-cr-00138-CVE   Document 436 Filed in USDC ND/OK on 01/21/11   Page 6 of 6

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: Ruben Garcia Hernandez
CASE NUMBER: 09-CR-138-001-CVE

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [x] Lump sum payment of $ __200__ due immediately, balance due

   [] not later than _____ , or
   [] in accordance with   [] C,   [] D,   [] E, or   [] F below; or

B   [] Payment to begin immediately (may be combined with   [] C,   [] D, or   [] F below); or

C   [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x]   Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   Said forfeiture order is joint and several with any forfeiture ordered in the case of codefendants, Leonel Ledezma, Case Number 09-CR-138-002-CVE, Oscar Palacios Castorena, Case Number 09-CR-138-003-CVE; Juan Antonio Martinez, Case Number 09-CR-138-004-CVE; Gilberto Rivera-Perea, Case Number 09-CR-138-005-CVE; Alejandra Romero, Case Number 09-CR-138-006-CVE; Maria Rubi Hernandez, Case Number 09-CR-138-007-CVE, and Mauro Banuelos, Case Number 09-CR-138-008-CVE.

[]   The defendant shall pay the cost of prosecution.
[]   The defendant shall pay the following court cost(s):
[x]  The defendant shall forfeit the defendant's interest in the following property to the United States:
     Money judgment in the amount of $4 million, to include $63,738 in seized currency and firearms are forfeited as directed in the Agreed Order of Forfeiture, Dkt. # 329. Money and property are forfeited as directed in the Agreed Order of Forfeiture, Dkt. # 329.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
YAZCD   540*23  *           SENTENCE MONITORING          *    12-09-2014
PAGE 001         *            COMPUTATION DATA           *    14:25:29
                               AS OF 12-09-2014

REGNO..: 39547-177 NAME: HERNANDEZ, RUBEN GARCIA


FBI NO............: 191458FD7        DATE OF BIRTH: 04-06-1982  AGE:  32
ARS1..............: YAZ/A-DES
UNIT..............: BRAVO            QUARTERS.....: B08-951L
DETAINERS.........: YES              NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 06-08-2022

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-08-2022 VIA GCT REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION............: OKLAHOMA, NORTHERN DISTRICT
DOCKET NUMBER....................: 09-CR-138-001-CVE
JUDGE............................: EAGAN
DATE SENTENCED/PROBATION IMPOSED: 01-21-2011
DATE COMMITTED...................: 03-01-2011
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                 FELONY ASSESS   MISDMNR ASSESS   FINES           COSTS
NON-COMMITTED.:  $200.00         $00.00           $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -----------------------------
OFFENSE CODE....: 391
OFF/CHG: 21:846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND
         DISTRIBUTE FIVE KILOGRAMS OR MORE OF COCAINE AND 500 GRAMS
         OR MORE OF METHAMPHETAMINE. 21:841(A)(1)&841(B)(1)(A)(VIII)&
         18:2(A)DISTRIBUTATION OF METHAMPHETAMINE; AIDING & ABETTING

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    180 MONTHS
 TERM OF SUPERVISION.............:      5 YEARS
 DATE OF OFFENSE.................: 10-21-2009




G0002       MORE PAGES TO FOLLOW . . .
```

```
 YAZCD    540*23  *          SENTENCE MONITORING           *    12-09-2014
 PAGE 002         *           COMPUTATION DATA             *    14:25:29
                               AS OF 12-09-2014

REGNO..: 39547-177 NAME: HERNANDEZ, RUBEN GARCIA


------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 11-10-2014 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 03-03-2011 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-21-2011
TOTAL TERM IN EFFECT............:    180 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     15 YEARS
EARLIEST DATE OF OFFENSE........: 10-21-2009

JAIL CREDIT.....................:      FROM DATE       THRU DATE
                                       10-21-2009      01-20-2011

TOTAL PRIOR CREDIT TIME.........: 457
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 682
TOTAL GCT EARNED................: 243
STATUTORY RELEASE DATE PROJECTED: 12-08-2022
EXPIRATION FULL TERM DATE.......: 10-20-2024
TIME SERVED.....................:      5 YEARS      1 MONTHS       19 DAYS
PERCENTAGE OF FULL TERM SERVED..:     34.2

PROJECTED SATISFACTION DATE.....: 12-08-2022
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 27D DIS UPD 11-10-14 JDJ/C.




G0002         MORE PAGES TO FOLLOW . . .
```

```
 YAZCD   540*23 *           SENTENCE MONITORING         *    12-09-2014
PAGE 003 OF 003 *            COMPUTATION DATA           *     14:25:29
                            AS OF 12-09-2014

REGNO..: 39547-177 NAME: HERNANDEZ, RUBEN GARCIA


------------------------------- CURRENT DETAINERS: -----------------------------

DETAINER NO..: 001
DATE LODGED..: 04-04-2011
AGENCY.......: IMMIGRATION & NATURALIZATION
AUTHORITY....: IMMIGRATION AND CUSTOMS ENFORCEMENT
CHARGES......: POSSIBLE DEPORTATION




















S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

RUBEN GARCIA HERNANDEZ
# 39547-177
FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 5000
YAZOO CITY, MS 39194

LEGAL MAIL

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5050
YAZOO CITY, MS 39194

THE ENCLOSED LETTER WAS PROCESSED
ON 12-10-14 THROUGH SPECIAL
MAILING PROCEDURES.

The letter has neither been opened or inspected. If
the writer raises a question or problem over which
this facility has jurisdiction, you may wish to
return the material for further information or
clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to the above
address.

69-02-138-CVE

RECEIVED
DEC 12 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

RECEIVED
DEC 1
Phil Lombardi, Clerk
U.S. DISTRICT COURT

OFFICE OF THE CLERK OF COURT
U.S. COURTHOUSE, PAGE BELCHER FED. BLDG
333 WEST FOUTH STREET, ROOM 411
TULSA, OKLAHOMA 74103





No postmark